UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| HENRY RUHWIEDEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:12CV60-PPS |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On March 11, 2013, pursuant to sentence four of 42 U.S.C. §405(g), the final decision of the Commissioner of Social Security denying disability benefits to claimant Sylvia Kurcz-Ruhwiedel was reversed and remanded to the Commissioner for further proceedings, and judgment to that effect was entered in favor of plaintiff Henry Ruhwiedel, who is Sylvia's widower and the substitute plaintiff. Ruhwiedel now moves for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. §2412.

The EAJA provides that a litigant is entitled to recover attorney's fees if: (1) he was a "prevailing party"; (2) the government's position was not "substantially justified"; (3) no special circumstances exist that would make an award unjust; and (4) he filed a timely application with the district court supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A)-(B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The Commissioner has not opposed the motion. On the record before me and in view of the Commissioner's lack of argument to the contrary, there is no dispute that Ruhwiedel is the prevailing party, he timely filed his properly supported fee petition, there are no special circumstances to make an award unjust, and the Commissioner's position was not substantially justified.

The remand by this Court made Herron a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (remand under sentence four of 42 U.S.C. § 405(g) makes the plaintiff a prevailing party under the EAJA). There are no special circumstances that counsel against an award of fees and the motion was supported by the required itemized statement. [DE 27-3.] The government has the burden on the question of substantial justification, and its failure to respond to the pending motion is not dispositive. *Golembiewski*, 382 F.3d 721, 724 (7th Cir. 2004); *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). I must still review the record to make an independent judgment as to whether the government's position was substantially justified. *See Nesvold. v. Bowen*, 687 F. Supp. 443, 445 (N.D. Ind. 1988) (citing *Campbell v. Bowen,* 800 F.2d 1247, 1249 (4th Cir. 1986) and *Jackson v. Bowen*, 807 F.2d 127, 129 (8th Cir. 1986)).

Attorneys' fees may be awarded under the EAJA if either the government's pre-litigation conduct or its litigation position lacked substantial justification. *Cunningham*, 440 F.3d at 864; *Golembiewski*, 382 F.3d at 724. The ALJ's decision is considered part of the government's pre-litigation conduct. *Id.* I only need to make one determination for the entire civil action regarding whether the government's position was substantially justified. *Id.* To be substantially justified, the government's position "must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [the] legal theory." *Cunningham*, 440 F.3d at 863-64 (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *Golembiewski*, 382 F.3d at 724.

The ALJ's decision was not substantially justified because it did not offer the required reasonable connection between the factual record and the determination not to accord controlling weight to Sylvia's treating physician's opinion. "An ALJ who does not give controlling weight to the opinion of the claimant's treating physician must offer 'good reasons' for declining to do so."

2

*Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010), citing 20 C.F.R. §404.1527(d)(2). An ALJ cannot disregard medical evidence and substitute his own unqualified opinion. *Larson*, 615 F.3d at 749; *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir . 2007). As I found in determining that remand was necessary:

> The ALJ's dismissive and inaccurate comments do not satisfy the "good reasons" standard for his rejection of Dr. Beiser's opinions concerning Sylvia's ability to work. Even where the ALJ articulates good reasons for rejecting a treater physician's opinion, he must determine what weight if any the opinion is due, considering various factors identified in the regulations. *Larson*, 615 F.3d at 751; *Campbell*, 627 F.3d at 308. The ALJ failed to do this as well, appearing to dismiss Dr. Beiser's view entirely without further discussion. The ALJ's failure to adequately articulate sound reasons for rejecting the treating physician's opinion requires remand of this case for further consideration by the Social Security Administration. *Mueller v. Astrue*, 2012 WL 3575274, *4 (Aug. 21, 2012); *Harlin v. Astrue*, 424 Fed.Appx. 564, *1 (June 13, 2011).

[DE 25 at 6-7.] For these reasons I find that the government's pre-litigation conduct — specifically, the ALJ's decision — was not substantially justified, and that fees are therefore appropriately awarded.

ACCORDINGLY:

Plaintiff Henry Ruhwiedel's unopposed Motion for Attorney's Fees under the Equal Access to Justice Act [DE 27] is GRANTED.

Plaintiff is awarded attorney's fees in the total amount of $10,127.80 and costs of $12.90, which shall be deemed included in the judgment entered March 11, 2013 [DE 26].

**SO ORDERED**.

ENTERED: June 14, 2013

                                              /s/ Philip P. Simon
                                              PHILIP P. SIMON, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT